IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF NEW YORK
(White Plains Division)

| | |
|---|---|
| **Seung Pyo HONG,**<br>181 Grand Street<br>Mamaroneck, NY 10543,<br><br>       Plaintiff,<br>-against-<br><br>**Bowman Cleaners, Inc.**<br>12 Bowman Avenue<br>Rye Brook (Port Chester), NY 10573,<br>**SERVE: Min Young MOON,** President<br>47 Hall Place<br>Yonkers NY 10705,<br><br>**Min Young MOON,**<br>47 Hall Place<br>Yonkers NY 10705, and<br><br>**Ji Hye (Katarina) MOON,**<br>12 Bowman Avenue<br>Rye Brook (Port Chester), NY 10573,<br><br>       Defendants. | Case Number: _____<br><br>**JURY TRIAL REQUESTED**<br><br>**14 CIV. 9666**<br><br>**JUDGE KARAS** |

## COMPLAINT

Plaintiff, Seung Pyo HONG, by his attorneys, (Michael) Hyunkweon Ryu and the law firm of Ryu & Ryu, PLC, as and for his Complaint herein, hereby submits his Complaint against Bowman Cleaners, Inc., Min Young Moon and Ji Hye (Katarina) MOON, to recover unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, and the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.* and in support thereof, states as follows:

1

## Nature of Action

1. Plaintiff, a former employee of Defendants Bowman Cleaners, Inc., Min Young Moon and Ji Hye (Katarina) MOON, respectfully submits this Complaint alleging that the Defendants intentionally and willfully violated the overtime provisions of the FLSA and NYLL and additional provisions of NYLL.

2. As described herein, Defendants are engaged in the dry cleaning business. Defendants hired Plaintiff to perform work as laborer (spotter) at Defendants' store. However, Defendants failed to compensate Plaintiff for all hours worked. Furthermore, Plaintiff was not compensated for any overtime hours.

3. Through these unlawful acts, Defendants evaded the payment of wages owed to Plaintiff pursuant to the standards set forth by the FLSA and/or the NYLL.

## Jurisdiction

4. This Court has jurisdiction over the federal law claim asserted in this action under 28 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiff's federal law wage and hour claim that they form parts of the same case or controversy under Article III of the United States Constitution.

## Venue

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) since Defendants have their place of business in this District, and the unlawful acts occurred herein.

## Parties and Facts

7. Plaintiff was at all times relevant hereto an employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203, and NYLL, §§ 2 and 651.

8. Plaintiff was at all times relevant hereto an individual employed in the State of New York by Defendants.

9. Plaintiff was at all times relevant hereto resided in the State of New York.

10. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA and the NYLL.

11. Plaintiff is filing these FLSA and NYLL claims as an individual action for himself.

12. Defendant, Bowman Cleaners, Inc., is and was at all times relevant hereto a New York Corporation with its place of business in New York at 12 Bowman Avenue, Rye Brook (Port Chester), NY 10573..

13. Defendant, Bowman Cleaners, Inc., is and was at all times relevant hereto engaged in the dry cleaning business.

14. Defendants Min Young MOON and Ji Hye (Katarina) MOON are and were at all times relevant hereto the father and daughter.

15. Defendants Min Young MOON and/or Ji Hye (Katarina) MOON are and were at all times relevant hereto the President, the CEO and/or director of the corporate Defendant, Bowman Cleaners, Inc.

16. At all times relevant hereto, Defendants Min Young Moon and/or Ji Hye (Katarina) MOON owned and operated Bowman Cleaners, Inc.

17. Defendants Bowman Cleaners, Inc., Min Young Moon and Ji Hye (Katrina) MOON are joint employers.

18. As described herein, Plaintiff was hired by Defendants and performed manual labor at Bowman Cleaners, Inc. location.

19. His manual labor was performed while under the direction of the same individuals: Min Young MOON and/or Ji Hye (Katarina) MOON.

20. Plaintiff performed manual labor for Defendants, as a spotter, spotting and removing stains on clothes.

21. Plaintiff was engaged in interstate commerce because Plaintiff handled, used or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, including using stain removing chemical products manufactured outside the State of New York and brought into this state and removing stains on shirts manufactured outside the State of New York and brought into this state.

22. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

23. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

24. Plaintiff was required to report to work for Defendants at a certain time.

25. Plaintiff could not set his own hours of work for Defendants.

26. For the period commencing on or about May 2002, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

27. In 2002 and 2003, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants 62 hours per week.

28. In 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013, and 2014 (until October 11, 2014), Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants 57 hours per week.

29. Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

30. Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

31. In 2002, Defendants paid Plaintiff $750 per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

32. In 2003, Defendants paid Plaintiff $800 per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

33. In 2004, Defendants paid Plaintiff $850 per week regardless of the number of 8hours she worked in a day or the number of hours he worked in a workweek.

34. In 2005, Defendants paid Plaintiff $900 per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

35. In 2006, Defendants paid Plaintiff $1,000 per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

36. In 2007, Defendants paid Plaintiff $1,100 per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

37. In 2008, 2009, 2010 and January and February of 2011, Defendants paid Plaintiff $1,200 per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

38. In March-December of 2011, 2012, 2013 and 2014 (until October 11, 2014), Defendants paid Plaintiff $1,000 per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

39. Plaintiff regularly worked more than 40 hours a week while employed by Defendants and was never paid the proper amount of overtime wages.

40. During his employment, Plaintiff regularly worked over (10) hours per day.

41. Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

42. Plaintiff regularly worked a "spread of hours" greater than ten (10) hours per day.

43. Defendants never paid any additional compensation for working a "spread of hours" exceeding ten (10) hours per day to Plaintiff.

44. Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten hours per day as required by the New York State labor regulations.

45. Defendant, Bowman Cleaners, Inc., is and was at all times relevant hereto engaged in the interstate commerce because it has or had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person

46. Upon information and belief, the annual gross sale of Defendant, Bowman Cleaners, Inc., exceeds $500,000.00.

47. At all times relevant hereto, Defendants Min Young Moon and/or Ji Hye (Katarina) MOON supervised the administration of Bowman Cleaners, Inc. and set employee schedules, including Plaintiff's schedules.

48. Defendants Min Young Moon and/or Ji Hye (Katarina) MOON were actively engaged in the management and direction of Plaintiff.

49. Defendants Min Young Moon and/or Ji Hye (Katarina) MOON possessed and exercised authority to determine hours worked with respect to the employees of Bowman Cleaners, Inc., including Plaintiff.

50. Defendants Min Young Moon and/or Ji Hye (Katarina) MOON made all decisions relating to Plaintiff's rates and method of pay.

51. Defendant Min Young MOON managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

52. Defendant Min Young MOON participated in and approved of the unlawful pay practices of Bowman Cleaners, Inc.

53. Defendant Min Young MOON was involved in assigning work to Plaintiff.

54. Defendant Min Young MOON had the power and authority to discipline Plaintiff.

55. Defendant Min Young MOON exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

56. Defendant Min Young MOON hired Plaintiff.

57. Defendant Min Young MOON was in charge of paying employees.

58. Defendant Min Young MOON told Plaintiff where to work and when to work.

59. Since January 2014, Defendant Ji Hye (Katarina) MOON managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

60. Since January 2014, Defendant Ji Hye (Katarina) MOON participated in and approved of the unlawful pay practices of Bowman Cleaners, Inc.

61. Since January 2014, Defendant Ji Hye (Katarina) MOON was involved in assigning work to Plaintiff.

62. Since January 2014, Defendant Ji Hye (Katarina) MOON had the power and authority to discipline Plaintiff.

63. Since January 2014, Defendant Ji Hye (Katarina) MOON exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

64. Since January 2014, Defendant Ji Hye (Katarina) MOON was in charge of paying employees.

65. Since January 2014, Defendant Ji Hye (Katarina) MOON told Plaintiff where to work and when to work.

66. Upon information and belief, by virtue of their positions and involvement, Defendants Min Young Moon and Ji Hyu (Katarina) MOON are personally liable for all debts, wages or salaries due and owing to the Plaintiff for services performed by him for Bowman Cleaners, Inc. pursuant to the N.Y. Bus. Corp. Law §630.

67. Defendants at all times relevant hereto were subject to the FLSA due to the nature of their business and revenues earned.

68. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

69. Defendants held Plaintiff out as an employee.

70. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

71. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

72. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

73. Defendants employed and paid Plaintiff as their employee.

74. Defendants are employers within the meaning of the term of the FLSA, 29 U.S.C. § 203, and NYLL, §§ 2 and 651.

75. Defendants failed to pay Plaintiff for overtime compensation for hours worked in excess of 40 hours per workweek.

76. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

77. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

78. Upon information and belief, Defendants never obtained legal advice that its overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

79. Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

80. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

81. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

82. Upon information and belief, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours and wages, including any allowances claimed, deductions claimed or tips received by Plaintiff, in violation of the FLSA, NYLL and federal and state regulations. FLSA 29 U.S.C. § 211(c); NYLL § 661; 12 NYCRR § 142-2.6.

83. Upon information and belief, during Plaintiff's employment at Bowman Cleaners, Inc., Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights as required under the FLSA and federal and state regulations or otherwise provide Plaintiff with information about their legal rights. Department of Labor

### Count I: Violation of FLSA

84. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

85. Plaintiff is entitled to overtime pay under the FLSA, 29 U.S.C. §207.

86. Defendants violated the provision of the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiff all overtime compensation due to him under the FLSA and its implementing regulations.

87. Plaintiff has been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

88. By reason of the aforesaid violations of the FLSA, Plaintiff is entitled to recover from Defendants jointly and severally, his unpaid overtime wages, which are at the rate of not-less-than one and one-half (1.5) times of Plaintiff's regular hourly wage rate, an additional equal amount to the unpaid wages as liquidated damages, reasonable attorney's fees and the costs of this action, pursuant to 29 U.S.C. §216(b), and pre-and post judgment interest, all in an amount to be determined at trial.

### COUNT II: State Overtime Violation

89. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

90. Defendants knowingly, willfully, and intentionally failed to pay overtime pay for hours worked in excess of forty (40) hours a week at a rate one and one-half times of Plaintiff's regular hourly rate in violation of NYLL §§ 650 *et seq.*, and 12 NYCRR § 142-2.2.

91. Pursuant to NYLL §§ 198.1-a and 663, an employer who willfully fails to pay overtime required by NYLL shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the one hundred percent of the total of such underpayments found to be due to the employee.

92. Because of Defendants' willful violation of the NYLL, Plaintiff suffered damages and is entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, and liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### COUNT III: Spread of Hours Pay Violation

93. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

94. Defendants regularly and knowingly required Plaintiff to be at work in excess of ten (10) hours per day.

95. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay at minimum wage for every day in which the interval between Plaintiff's start and end

11

times exceeded ten hours, in violation of New York State labor regulations. 12 NYCRR §§ 142-2.4.

96. Pursuant to NYLL §§ 198.1-a and 663, an employer who willfully fails to pay wages required by NYLL shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the one hundred percent of the total of such underpayments found to be due to the employee.

97. Because of Defendants' willful violation of the NYLL, Plaintiff suffered damages and is entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### COUNT IV: State Unpaid Wage Violations

98. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

99. Defendants failed to pay Plaintiff the wages owed to him at least seven calendar days after the week in which the wages were earned, in violation of NYLL § 191.1(a).

100. Defendants failed to pay Plaintiff the wages owed to him after he ceased working for Defendants by the next regular pay day, in violation of NYLL § 191.3.

101. Pursuant to NYLL §§ 198.1-a and 663, an employer who willfully fails to pay wages required by NYLL shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the one hundred percent of the total of such underpayments found to be due to the employee.

102. Because of Defendants' willful violation of the NYLL, Plaintiff suffered damages and is entitled to recover from Defendants, jointly and severally, their unpaid wages originating

from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Declaration that Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the FLSA, NYLL, associated regulations and federal and state discrimination laws;

b. Judgment against Defendants for their failure to pay Plaintiff in accordance with the standards set forth by the FLSA;

c. Judgment against Defendants for their failure to pay Plaintiff in accordance with the standards set forth by the NYLL;

d. An award for Plaintiff of the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiff's regular hourly rate for all overtime hours worked under the FLSA to which award Defendants are jointly and severally liable;

e. An award for Plaintiff of the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiff's regular hourly rate for all overtime hours worked under the NYLL to which award Defendants are jointly and severally liable;

f. An award for Plaintiff of the liquidated damages equal to the total amounts of unpaid wages owed to Plaintiff by Defendants under the FLSA to which award Defendants are jointly and severally liable;

13

g.   An award for Plaintiff of the liquidated damages equal to the total amounts of unpaid wages owed to Plaintiff by Defendants under the NYLL to which award Defendants are jointly and severally liable;

h.   An award against Defendants of pre-judgment and post-judgment interest, pursuant NY CPLR §§ 5001 and 5004;

i.   An award for Plaintiff of reasonable attorneys' fees and all costs, plus interest, under the FLSA to which award Defendants are jointly and severally liable;

j.   An award of reasonable attorneys' fees and all costs, plus interest, under the NYLL to which award Defendants are jointly and severally liable;

k.   All further relief deemed just and equitable by this Honorable Court.

### REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

Respectfully Submitted,
By Seung Pyo HONG

By his counsel,
Ryu & Ryu, PLC,

_____
(Michael) Hyunkweon Ryu
Ryu & Ryu, PLC
301 Maple Ave West
Suite 620
Vienna VA 22180
Tel: 718-819-0001
eMail: michaelryu@ryulawgroup.com

14